10-559-cv
Earthley E. Taylor, Jr. v. Sheltered Workshop for the Disabled, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

Present: AMALYA L. KEARSE,
ROBERT D. SACK,
ROBERT A. KATZMANN,
*Circuit Judges*,

───────────────────────────────────────────────

EARTHLEY E. TAYLOR, JR.,

*Plaintiff-Appellant*,

- v -                                          No. 10-559-cv

SHELTERED WORKSHOP FOR THE DISABLED, INC., THOMAS WENDELL, Director, Sheltered Workshop Facility, JUDY ORBAND, Human Resources Manager, Sheltered Workshop Facility, DALE TEWKSBURY, Program Manager, Sheltered Workshop Facility,

*Defendants-Appellees.*

───────────────────────────────────────────────

For Plaintiff-Appellant:         ARTAN SERJANEJ, Serjanej Enterprises, LLC, Binghamton, N.Y.

For Defendants-Appellees:       DAWN J. LANOUETTE (Leslie Prechtl Guy, *on the brief*), Hinman, Howard & Kattell, LLP, Binghamton, N.Y.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Earthley Taylor, Jr. appeals from the January 14, 2010 order of the United States District Court for the Northern District of New York (McAvoy, *J.*) denying plaintiff's motion for reconsideration of the district court's October 27, 2009 grant of summary judgment to defendants. We assume the parties' familiarity with the facts and procedural history of the case.

We review the district court's denial of a motion for reconsideration for abuse of discretion. *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010). The underlying summary judgment decision of which plaintiff sought reconsideration provided alternative grounds for dismissing plaintiff's complaint, concluding that (1) the complaint was untimely and (2) plaintiff's claims failed on the merits. Because plaintiff's motion for reconsideration did not address the timeliness ground, which was a sufficient independent basis for the district court's decision, we conclude that the district court did not err in denying plaintiff's motion.

Plaintiff contends that we have jurisdiction to review the underlying grant of summary judgment, notwithstanding his failure to file a timely notice of appeal from that decision. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within thirty days of the entry of judgement or order appealed from). Although timely filing of a motion for reconsideration will toll the thirty-day period, it is undisputed that plaintiff's motion was untimely. *See Lora*, 602 F.3d at 111 ("An untimely motion for reconsideration is treated as a Rule 60(b) motion . . . [and] '[a]n appeal from an order denying a Rule 60(b) motion brings up for review only the denial of

2

the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal.'" (alteration in original) (quoting *Branum v. Clark*, 927 F.3d 698, 704 (2d Cir. 1991))).  In support of his jurisdictional argument, plaintiff relies on the "unique circumstances" doctrine, which has been expressly repudiated by the Supreme Court.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Accordingly, we lack jurisdiction over plaintiff's challenge to the underlying summary judgment decision.

Finally, plaintiff urges us to consider certain arguments, including his challenge to the untimeliness of his complaint, that are raised for the first time on appeal.  "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008), we conclude that the circumstances of this case do not warrant such an exercise of discretion.  Accordingly, we decline to hear plaintiff's new arguments.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK